**STRACHAN SHIPPING COMPANY,**
Appellant,

v.

**MEIJI KAUIN K. K.,** Appellee.

No. 22648.

United States Court of Appeals
Fifth Circuit.

Dec. 15, 1966.

Rehearing Denied Jan. 24, 1967.

Stuart A. McClendon, Wm. H. McClendon, Jr., New Orleans, La., McClendon &

McClendon, New Orleans, La., of counsel, for appellant.

James G. Burke, Jr., Chaffe, McCall, Phillips, Burke, Toler & Hopkins, Leon Sarpy, New Orleans, La., for appellee.

Before GEWIN and GOLDBERG, Circuit Judges, and SPEARS, District Judge.

PER CURIAM:

This cause involves a claim by appellees (KKK), the owner of a Japanese ship, against appellant (Strachan), a stevedoring concern, for indemnity, costs and attorneys' fees incurred in the settlement of personal injury suits brought against KKK by two longshoremen in the employ of Strachan. From an adverse judgment Strachan appeals. We affirm.

Strachan contends that the trial judge indulged in unjustified conjecture when he found that two coils of steel wire, which had become dislodged while the longshoremen were unloading a cargo of lumber in the No. 2 hold of the vessel, fell "because of the application of external force applied by Strachan, probably due to longshoremen either climbing up the stow or because dunnage was thrown upon the stow, or both", resulting in injuries to the two men. The Court had previously found, unequivocally and justifiably, that the coils of wire were properly stowed; that when they arrived at the Port of New Orleans they were in a safe and sound condition; that Strachan was in complete control of the discharging operations in the No. 2 hold; and that the settlements paid by KKK were reasonable.

■ A finding to the effect that the two coils fell because of external force applied by Strachan, due to longshoremen climbing up the stow, is supported by the record, and under the circumstances of this case, would support the judgment, even though the evidence might not support the other "probability" with respect to dunnage having been thrown upon the stow.

■ However, the Court also found that the injuries to the longshoremen resulted from a breach by Strachan of "its duty to perform its work with reasonable safety by reason of its failure to place a net over the coils of steel wire". This finding is unambiguous, is amply justified by the record, and, coupled with the other unequivocal findings, constitutes a sufficient basis for the judgment entered by the Court.[1]

Strachan's attack upon the reasonableness of the attorneys' fees is likewise without merit.

The judgment of the trial court is Affirmed.

---

1. See Italia Societa per Azioni di Navigazione v. Oregon Stevedoring Co., Inc., 376 U.S. 315, 84 S.Ct. 748, 11 L.Ed.2d 732 (1964).